UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE GRAND JURY SUBPOENA ) | Misc. No. 11-527 (RCL) |
| NO. 11116275 ) | |

## ORDER

The Court on December 9, 2011 issued a Memorandum and Order in the above-captioned case. The order in part denied a motion, filed by the American Civil Liberties Union of the Nation's Capital on behalf of an anonymous user of the web site Twitter.com, to quash a grand jury subpoena issued against Twitter.com for records pertaining to the identity of the anonymous user. Following issuance of the order, no notice of appeal was filed, and upon inquiry the government represented to the Court that the matter had been resolved. The Court issued an order to show cause why the December 9 order should remain under seal on January 24, 2012. The government filed a notice of consent to unsealing on January 31, 2012. The anonymous movant filed a response on February 13, 2012 consenting to unsealing of the order but requesting that his Twitter username and pseudonym be redacted from the public version of the document.

The anonymous movant represented in his response that following the order and prior to Twitter's compliance with the subpoena the movant disclosed his identity to the Federal Bureau of Investigation and voluntarily appeared for an interview with the FBI. The anonymous movant did so in return for the government's agreement that it not contact his family, neighbors, employer, or co-workers regarding the investigation unless further investigation was warranted. The government closed its investigation after the interview. The anonymous movant seeks redaction of the information at issue in order to mask his personal connection with the events and

analysis set forth in the Court's December 9 order. The anonymous movant in compliance with the Court's January 24 order submitted a proposed redacted version of the December 9 Order that the anonymous movant believes could be released to the public.

Fed. R. Crim. P. 6(e) prohibits disclosure of "matters occurring before the grand jury," R. 6(e)(2), and requires that "records, orders, and subpoenas relating to grand-jury proceedings . . . be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury," R. 6(e)(6). The concept of a "matter occurring before a grand jury" encompasses "the identities of witnesses or jurors, the substance of testimony as well as actual transcripts, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 500 (D.C. Cir. 1998). It seems unlikely that public release of the Court's December 9 order would jeopardize grand jury secrecy. That order refers to the anonymous movant only through his Twitter username and pseudonym, and does not otherwise disclose any details regarding the grand jury proceedings at issue. However, the anonymous movant argues that there are individuals who could tie his username and/or pseudonym to his actual identity. Thus, he posits, public release of the December 9 order without the requested redactions would disclose to those individuals who know the real-life identity of the anonymous user that he was the target of a grand jury investigation. The anonymous movant further argues that he would be exposed to "ridicule and obloquy" as a result, and notes that an important justification for grand jury secrecy is to "assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule." *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1138, 1140 (D.C. Cir. 2006) (quoting *Douglas Oil Co. v. Petrol Stops, Nw.*, 441 U.S. 211, 219 (1979)). The Court is sensitive to these concerns, and further notes that, even if unsealing of the December 9 order in

full would not compromise grand jury secrecy, the anonymous movant's arguments would still counsel the Court to redact out the requested information. The public interest in the order's legal analysis does not extend as strongly to details regarding the specific Twitter account at issue, and the anonymous movant's objections, privacy interests, and the possibility of prejudice upon disclosure are all significant. *See United States v. Hubbard*, 650 F.2d 293, 317-322 (D.C. Cir. 1980) (listing factors relevant to a court's decision to unseal documents).

The Court will accordingly accede to the anonymous movant's request and release a public version of its December 9 order with the redactions proposed by the anonymous movant. The Court will redact the Twitter username and pseudonym, and where the Court previously referred to the anonymous movant by the last name of his pseudonym, the Court will instead refer to the anonymous movant as "Mr. X." The Court will also comply with the anonymous movant's request to redact out information in footnote one, which explained the Court's previous decision to refer to the anonymous movant by the last name of his pseudonym. The anonymous movant requests no other redactions, and the public version of the order otherwise remains unchanged from the version that will remain under seal; although certain portions of the December 9 order were written under the assumption that the anonymous movant's Twitter username and pseudonym would become public, the public version of the order does not alter those sections. It is therefore hereby

**ORDERED** that the Clerk's Office release to the public the redacted version of the Court's December 9, 2011 Order attached hereto.

**SO ORDERED** this 23rd day of February 2012.

ROYCE C. LAMBERTH
Chief Judge
United States District Court